UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                              Case No.: 8:20-bk-03563-RCT
                                                    Chapter 7
Performance Driven Landscaping Corp.,

            Debtor.
_____/

**RESPONSE AND OBJECTION TO PROPOSED CONVERSION FROM
CHAPTER 7 TO CHAPTER 13 AND, ALTERNATIVELY,
<u>MOTION TO APPOINT CHAPTER 11 TRUSTEE</u>**

Gardenmasters of SW Florida, Inc. ("Gardenmasters"), by and through its undersigned attorneys responds and objects to the proposed conversion of this bankruptcy proceeding and, alternatively, requests the appointment of a Chapter 11 trustee pursuant to 11 U.S.C Sections 706 and 1104 and as grounds for the foregoing states as follows:

1.   **Gardenmasters.**  Gardenmasters is a Florida corporation that provides fertilization and pest control in the commercial landscape industry. Gardenmasters is owed principal of $421,492.72 for services rendered to the debtor.

2451317v1

2. **Judgment.** On May 4, 2020, following a non-jury trial, the Sarasota Circuit Court entered judgment in favor of Gardenmasters and against the debtor for $461,484.87 (the "Judgment").

3. **Bankruptcy Commencement.** Hours after the entry of the Judgment, on May 4, 2020, debtor commenced these proceedings by filing a voluntary petition for Chapter 7 bankruptcy (the "Petition"). The Petition recites that no funds are expected to be available for any unsecured creditors. Additionally, debtor did not attach any of the required financial information to the Petition.

4. **Planned Fraudulent Transfers.** The day after the Petition, on May 5, 2020, debtor began to make fraudulent transfer proposals to its clients. Indeed, the President of the debtor sent the following email to multiple clients:

> Good Afternoon Christina,
>
> I wanted to personally reach out to you today and share with you that we have a solid plan in place as we dissolve Performance Driven Landscaping.
>
> Performance Driven Land will be purchasing all of PDL's assets and taking over.
>
> With that being said, The Land Company will be purchasing all the employees ,support staff and all the Relationship Managers will remain the same along with our highly skilled and responsive employees.
> I also plan to meet with everyone individually soon, however, it is important for you to know that it is my expectation that we will continue to provide excellent service, just under a new company name. It will be business as usual.
>
> Please feel free to contact me directly with any questions you may have.
>
> Thank you in advance for your business and your support.

2451317v1

Case 8:20-bk-03563-RCT   Doc 8   Filed 05/07/20   Page 3 of 6

Kind regards,

John DeGrasse

*Performance Driven Landscaping, Inc.*

Office - 941.488.7700

Fax - 941.488.7701

*"Making our customers job easy by providing Excellence"*

A copy of the email that was forwarded to Gardenmasters is attached as Exhibit A.

5. **Pending Billing.** On information and belief[1], the debtor sent out its bills for the month of April in the amount of approximately $300,000. The vast majority of those bills will be paid May 15 – 25 based on industry custom.

6. **Proposed Conversion.** On May 6, debtor filed a bare bones motion to convert this proceeding to a Chapter 11 proceeding. Debtor has not, to date, provided this Court or the Chapter 7 trustee any financial information of any kind.

7. **Memorandum of Law - Conversion.** While the plain text of Section 706(a) of the Bankruptcy Code appears to provide the debtor with an absolute right to convert a case from Chapter 7 to Chapter 11, the United States Supreme Court has held that the proposed conversion may be denied where "cause" exists or the debtor has acted in "bad faith." *See Marrama v. Citizens Bank of Massachusetts,*

---

[1] The principals of Gardenmasters and the debtor have known each other many years on a personal and professional level.

2451317v1

549 U.S. 365 (2007). With regard to the "cause" necessary, the Court in *In re: Gedda*, 2015 WL 1396605 (M.D. Fla. 2015) explained as follows:

> Conversion from Chapter 7 to Chapter 11 is impermissible where "cause" under § 1112(b) exists to convert a Chapter 11 case to a Chapter 7 case or to dismiss the Chapter 11 case all together. "To permit conversion to Chapter 11 in those circumstances would be futile and a wasted act," "that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors . . . Section 1112(b)(4) lists numerous situations where "cause" exists to foreclose a debtor's access to Chapter 11 relief. Relevant here is § 1112(b)(4)(A) which defines "cause" as a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." "Both prongs of this subsection are necessary for 'cause' to exist," and the second prong is focused "not on the technical issue of 'whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort.'"

In order for this Court to evaluate the "loss to the estate" or the "likelihood of rehabilitation", the debtor must provide appropriate financial disclosures. In this case, this Court should deny the motion (or defer ruling until the appropriate disclosures have been filed). Notably, the monies from the April billing (about $300,000) will be available to the unsecured creditors if this matter proceeds as a Chapter 7. If this matter is converted to a Chapter 11, those funds will be the "seed money" for the rehabilitation of the debtor. Before this Court determines if conversion is appropriate, this Court needs additional information.

With regard to the "bad faith" of the debtor, the email quoted above speaks volumes. The debtor plans to fraudulently transfer the assets with no payment to the unsecured creditors – "business as usual."

8. **Memorandum of Law - Chapter 11 Trustee.** Alternatively, if this Court allows a conversion to Chapter 11, this Court is authorized to simultaneously appoint a Chapter 11 Trustee. *In re Basil Street Partners, LLC*, 477 B.R. (M.D. 2012). The information necessary for the Court to determine if a Chapter 11 trustee is necessary (or not) is not available yet as debtor has provided no financial information.

9. **Conclusion.** This Court should deny the motion to convert this case to a Chapter 11. Alternatively, this Court should appoint a Chapter 11 trustee based on information required by the Court following the filing of this motion.

Dated: 5/7/20

BLALOCK WALTERS, P.A.

/s/ Fred E. Moore
Fred E. Moore, Esquire
FBN: 0273480
Email: fmoore@blalockwalters.com
Charles F. Johnson, Esquire
FBN: 898937
Email: cjohnson@blalockwalters.com
Secondary: eservice@blalockwalters.com
802 11th Street West
Bradenton, Florida 32405
Telephone: 941.748.0100
Facsimile: 941.745.2093
Attorneys for Gardenmasters of SW Florida, Inc.

2451317v1

## CERTIFICATE OF SERVICE

I hereby certify that on May __7__, 2020, I electronically filed a true and correct copy of the foregoing with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by filing using the CM/ECT system and it will send notice to Timothy B. Harvey, Esquire, 9040 Town Center Parkway, Lakewood Ranch, Florida 34202, tim@tharveylaw.com; Trustee, Carolyn R. Chaney, PO Box 530248, St. Petersburg, FL 33747; and U.S. Trustee, United States Trustee – TPA7/13, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602.

BLALOCK WALTERS, P.A.

/s/ Fred E. Moore
Fred E. Moore, Esquire
FBN: 0273480
Email: fmoore@blalockwalters.com
Charles F. Johnson, Esquire
FBN: 898937
Email: cjohnson@blalockwalters.com
Secondary: eservice@blalockwalters.com
802 11th Street West
Bradenton, Florida 32405
Telephone: 941.748.0100
Facsimile: 941.745.2093
Attorneys for Gardenmasters of SW Florida, Inc.

2451317v1