UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:                                             Case No.:  8:20-bk-03563-RCT
                                                     Chapter 11

PERFORMANCE DRIVEN LANDSCAPING
CORP.,

Debtor.
_____/

**OBJECTION TO DEBTOR'S MOTION TO MODIFY CONFIRMED PLAN OF REORGANIZATION AND THIRD AMENDED PLAN OF REORGANIZATION BY GARDENMASTERS OF SW FLORIDA, INC**

      Gardenmasters of SW Florida, Inc. ("Gardenmasters"), by and through its undersigned attorneys, objects to Performance Driven Landscaping, Inc.'s ("Debtor") motion to modify confirmed plan of reorganization and third amended plan of reorganization (the "Third Amended Plan"), pursuant to 11 U.S.C. 1129 and 11 U.S.C. 1191, and states as follows:

      1.     **Failure to Address Continuing Income / Accounts Receivable.** The Third Amended Plan proposes a liquidation of the Debtor by a sale to Impact Landscaping & Irrigation, LLC ("Impact"). The Third Amended Plan includes an unsigned contract (the "Proposed Contract"). The Exhibit 2.1 to the Proposed Contract purports to contain a list of assets (but there is no list). The undersigned has inquired with counsel for the Debtor and counsel for Joy DeGrasse and is

2919491v1

informed that the Proposed Contract does not include the accounts receivable of the debtor; in other words, even though the assets of the Debtor will be sold to Impact, the Debtor will retain the accounts receivable resulting in a future income stream. Parenthetically, the March, 2021 monthly operating report ("March MOR") of the Debtor filed on June 9, 2021 reflects monthly receipts of $182,398.76. The Third Amended Plan does not account for the collection of the accounts receivable. Gardenmasters respectfully suggests this Court direct that either the subchapter V Trustee, Deborah Jackson, or Rebecca Wolfe, CPA, be appointed to oversee the collection of the accounts receivable and that the "net" funds (i.e., after payment of any collection expenses) be distributed to the unsecured creditors.

2.      **Undisclosed Operating Losses**. The March MOR, specifically Exhibit E, discloses – for the first time – that the Debtor is not paying its bills in the ordinary course. The Third Amended Plan does not account for the unpaid bills nor does the Third Amended Plan disclose the nature and extent of any expected losses from March 31, 2021 until the proposed closing on the Proposed Contract, which is on information and belief is July 2, 2021. Debtor should fully disclose its financial condition including the impact on the unsecured creditors prior to consideration of the Third Amended Plan.

3. **Continuing Salaries of John and Joy DeGrasse.** The Second Amended Plan ("Second Amended Plan") of Reorganization was approved by this Court's order of March 22, 2021 ("Confirmation Order"). The Confirmation Order approves the Second Amended Plan with certain modifications. One of the modifications was that the salaries of John and Joy DeGrasse would be suspended in the event of a default in the Second Amended Plan. The Debtor is currently in default of the Second Amended Plan for failure to make distribution. Instead of making distribution, Debtor filed a motion to modify, which would not be troubling but for the apparent financial losses being suffered by the Debtor post-confirmation. John and Joy DeGrasse should be required to reimburse the Debtor any salary paid while the Second Amended Plan was in default.

4. **Joy DeGrasse Payments.** Initially, Joy DeGrasse submitted a claim in the amount of $300,000 as creditor in this proceeding. In the Confirmation Order, the Court subordinated the claim of Joy DeGrasse. Now, in an effort to circumvent the Confirmation Order, the Proposed Contract provides for Joy DeGrassse to received $360,000. More particularly, the Proposed Contract provides Joy DeGrasse two income streams. First, Joy DeGrasse will receive a salary of $45,000 per year for four (4) years as a "consultant". Second, Joy DeGrasse will receive a cash payment at closing in the amount of $180,000 as "Retention Loan". The "Retention Loan" is ostensibly to encourage Joy DeGrasse

to stay with the company and bring her skills to bear for Impact's benefit. The problem is that Joy DeGrasse does not bring any substantial skills to bear. Relevant excerpts from the deposition of Ms. DeGrasse provide the following insightful information:

> Q: I am trying to make this sound like I'm not putting a negative spin on it. But my description is that you were an absentee president from the end of 2016 until approximately February 2020. Is that fair to say?
>
> A: Yes.
>
> Q: And during the period that you were an absentee president, your husband, John DeGrasse, was running the company and performing all of the functions as the president except for an hour here or an hour there for you.
>
> A: Correct. He ran the field and we had hired staff to run the admin.
>
> Q: And except for an hour here or an hour there, somebody else ran the admin other than you. (Page 6, lines 9-23)
>
> ***
>
> Q: What, if any, role did you play in maintaining the relationships between PDL and its customers?
>
> A: I don't play any role in maintaining the relationships. That is 100 percent John DeGrasse. (Page 34, lines 13-16)

2919491v1

A copy of the deposition of Ms. DeGrasse is attached as Exhibit A. The Plan is contrary to 11 U.S.C 1129(a)(5)(B).

Dated: June  10 , 2021.

                BLALOCK WALTERS, P.A.

                /s/ Fred E. Moore
                Fred E. Moore, Esquire
                FBN: 0273480
                Email: fmoore@blalockwalters.com
                Charles F. Johnson, Esquire
                FBN: 898937
                Email: cjohnson@blalockwalters.com
                Secondary: eservice@blalockwalters.com
                802 11th Street West
                Bradenton, Florida 32405
                Telephone: 941.748.0100
                Facsimile: 941.745.2093
                Attorneys for Gardenmasters of SW Florida, Inc.

2919491v1

## CERTIFICATE OF SERVICE

I hereby certify that on June __10__, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by filing using the CM/ECT system and it will send notice to all parties receiving notice by CM/ECF, including Debra Jackson, Trustee, 13829 Woodhaven Circle, Fort Myers, Florida 33905, djjtrustee1@gmail.com; Benjamin G. Martin, Esquire, 1620 Main Street, Suite 1, Sarasota, Florida 34236, skipmartin@verizon.net; Benjamin E. Lambers, U.S. Trustee, United States Trustee – TPA7/13, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602, ben.e.lambers@usdoj.gov,

BLALOCK WALTERS, P.A.

/s/ Fred E. Moore
Fred E. Moore, Esquire
FBN: 0273480
Email: fmoore@blalockwalters.com
Charles F. Johnson, Esquire
FBN: 898937
Email: cjohnson@blalockwalters.com
Secondary: eservice@blalockwalters.com
802 11th Street West
Bradenton, Florida 32405
Telephone: 941.748.0100
Facsimile: 941.745.2093
Attorneys for Gardenmasters of SW Florida, Inc.

2919491v1